IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYRELL JONES-EILAND,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-5458 |
| | : | |
| **UNIVERSAL HEALTH SERVICES,** | : | |
| **INC.,** *et al.*, | : | |
|     Defendants. | : | |

Goldberg, J.                                                                                       September 30, 2021

## MEMORANDUM OPINION

Plaintiff Tyrell Jones-Eiland, proceeding *pro se*, filed this negligence action against Defendants Christopher Loftus, James Zolknowski, Sajit Pullarkat, and Janet Wright (collectively, the "Nevada Defendants") and Defendants Universal Health Services, Inc. and Marc D. Miller (collectively, the "Universal Health Defendants").  The basis of the lawsuit appears to center around Plaintiff's hospitalization and resultant medical bills.  Defendants have moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).  For the following reasons, I will grant both Motions.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff's Complaint alleges that:[1]

- Defendants Zolnowski, the Director of the Emergency Department at Desert Springs Hospital, Las Vegas, Nevada, and Loftus, the CEO and Managing Director of Desert Springs Hospital, "failed to provide adequate medical care, discharged [P]laintiff without running necessary tests and exams and caused further medical incident[,] lied to insurance company, and billed for services never rendered." (Compl. at § III, Statement of Claim.)

---

[1]     In deciding a motion under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Atiyeh v. Nat'l Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591, 596 (E.D. Pa. 2010).

- Defendants Pullarkat, the CEO and Managing Director of Centennial Hills Hospital also located in Las Vegas, Nevada, and Wright the Chief Nursing Officer at Centennial Hills, "prematurely discharged [P]laintiff who was rushed back to [the] same hospital next day [where he] remained in serious condition for two weeks [before being] transferred to a medical rehabilitation center for two months[.]  Defendants misdiagnosed plaintiff and could have caused death."  (Id.)

- "Defendants have all refused to release medical documents and have caused major financial issues."  (Id.)

- As for his relief sought, Plaintiff is seeking $20,000,000, including current medical bills, future medical bills, loss of consortium, lost wages, and punitive damages.  (Id. at § IV, Relief.)

The Nevada and Universal Health Defendants now move to dismiss Plaintiff's claims. Plaintiff has not responded to either motion.  The United States Court of Appeals for the Third Circuit has instructed that district courts should not simply grant motions as unopposed, particularly where one party is proceeding *pro se*.  Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).  Therefore, I will address the merits of Defendants' Motions.

## II.     STANDARD OF REVIEW

### A. Federal Rule of Civil Procedure 12(b)(2)

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a party may seek dismissal of a complaint for lack of personal jurisdiction.  "[O]nce the defendant raises the question of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction."  Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 144 n.1 (3d Cir. 1992).  Plaintiff may do so through affidavits or jurisdiction competent evidence that show sufficient contacts with the forum state to establish personal jurisdiction.  De Lage Landen Fin. Servs., Inc. v. Rasa Floors, LP, No. 08-0533, 2008 WL 4822033, at *3 (E.D. Pa. Nov. 4, 2008).  Such contacts must be established with "reasonable particularity," but need only amount to a *prima facie* case in favor of personal jurisdiction.  Mellon Bank (East) PSFS, Nat'l Ass'n v.

Farino, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987)).  If the plaintiff meets this burden, the defendant must then establish the presence of other considerations that would render jurisdiction unreasonable.  De Lage Landen, 2008 WL 4822033, at *3 (citing Carteret, 954 F.2d at 150).

Federal Rule of Civil Procedure 4(k)(1)(A) directs that federal courts sitting in diversity can only exercise jurisdiction over non-resident defendant to the extent permitted by the state's forum laws.  See Martin v. Citizens Fin. Group, Inc., No. 10-260, 2010 WL 3239187, at *3 (E.D. Pa. Aug. 13, 2010).

Here, the forum state is Pennsylvania, thus necessitating the application of Pennsylvania's long-arm statute.  Pursuant to this statute, personal jurisdiction of Pennsylvania courts over nonresident defendants is permitted "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States."  42 Pa. Cons. Stat. § 5322(b); see Mellon Bank, 960 F.2d at 1221 ("The Pennsylvania statute permits the courts of that state to exercise personal jurisdiction over nonresident defendants to the constitutional limits of the due process clause of the fourteenth amendment.").  Therefore, a court need only inquire whether the exercise of personal jurisdiction over the defendant would be constitutional under the Due Process Clause.  Mellon Bank, 960 F.2d at 1221.  Pursuant to these constitutional considerations, physical presence within the forum is not required to establish personal jurisdiction over a nonresident defendant.  IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998).  Instead, personal jurisdiction may be based on either a defendant's general contacts ("general jurisdiction") or his specific contacts ("specific jurisdiction") with the forum.  Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001).

General personal jurisdiction is usually only exercised over companies: (1) in the state where their principal place of business is located, and (2) in the state in which they are incorporated.  Daimler AG v. Bauman, 571 U.S. 117, 132 (2014).  A forum state has general personal jurisdiction over a defendant where the defendant is "essentially at home."  Campbell v. Fast Retailing USA, Inc., No. 14-6752, 2015 WL 9302847, at *2 (E.D. Pa. Dec. 22, 2015) (quoting Daimler, 571 U.S. at 127).  General personal jurisdiction requires "substantial, continuous and systematic contacts" with the forum state in order for a court in that state to exercise general personal jurisdiction over the defendant. Id.

Specific personal jurisdiction exists where the cause of action is related to or arises out of the defendant's contacts with the forum.  IMO Indus., 155 F.3d at 259 (citing Helicopteros de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984)).  For the exercise of specific jurisdiction to comply with the Due Process Clause, a plaintiff must satisfy a three-part test.  Louis A. Grant, Inc. v. Hurricane Equip., Inc., No. 07-438, 2008 WL 892152, at *3 (W.D. Pa. Apr. 2, 2008).  First, the plaintiff needs to show that the defendant has "constitutionally sufficient 'minimum contacts' with the forum."  IMO Indus., 155 F.3d at 259 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)).  Second, the plaintiff's claim must "arise out of or relate to those activities."  Helicopteros, 466 U.S. at 414.  Third, the reviewing court should consider additional factors to ensure that the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'"  Burger King, 471 U.S. at 476 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)); see also O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 317 (3d Cir. 2007) (enumerating the three elements of specific jurisdiction).

In order for a defendant's contacts with the forum to be constitutional, these contacts must be intentional, with the defendant purposefully availing itself to the privilege of conducting

business in the state.  See J. McIntyre Machinery, Ltd. V. Nicastro, 564 U.S. 873, 880 (2011).  Purposeful availment ensures that defendants will not be haled into courts in states where their only contacts are "'random,' 'fortuitous,' or 'attenuated.'"  Burger King, 471 U.S. at 475 (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984)).

### B. Federal Rule of Civil Procedure 12(b)(6)

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.  Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir.2000).  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  However, a plaintiff must provide more than a formulaic recitation of a claim's elements that amounts to mere labels and conclusions.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level."  Id.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570).

On a motion to dismiss, a *pro se* complaint is held to a less stringent standard than a formal pleading drafted by lawyers, and it should only be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of [their] claim."  Olaniyi v. Alex Cab Co., 239 F. App'x 698, 699 (3d Cir. 2007) (citing McDowell v. Delaware State Police, 88 F.3d 188, 189 (3d Cir. 1996)).

### III. DISCUSSION

#### A. The Nevada Defendants

The Nevada Defendants seek dismissal of Plaintiff's claims pursuant to Rule 12(b)(2) based on a lack of personal jurisdiction.[2]  Plaintiff has not responded.

In his Complaint, Plaintiff alleges that at some unspecified time, he received deficient medical services from the Nevada Defendants' hospitals, which are located in Las Vegas, Nevada. Plaintiff further alleges that the Nevada Defendants prematurely discharged him from the hospital and billed him for services not rendered.  Pursuant to the Complaint, the alleged involvement of the Nevada Defendants appears to have occurred in Las Vegas, Nevada.

Plaintiff has not shown that the Nevada Defendants had any contact, and certainly not "substantial, continuous and systematic contacts" with Pennsylavania.  Campbell, No. 14-6752, 2015 WL 9302847, at *2.  Therefore, this Court does not have general jurisdiction over the Nevada Defendants.  This Court also does not have specific jurisdiction over the Nevada Defendants as Plaintiff has not shown that any of them purposefully availed themselves of the privilege of conducting business in Pennsylvania.  McIntyre, 564 U.S. at 880; see also Gallant v. Trustees of Columbia Univ. in City of New York, 111 F. Supp. 2d 638, 643 (E.D. Pa. 2000) ("The weight of authority holds that when treatment is rendered outside the forum state, a nonresident medical provider cannot be subject to specific jurisdiction." (collecting cases).).  Therefore, Plaintiff's claims against the Nevada Defendants will be dismissed pursuant to Rule 12(b)(2).[3]

---

[2]  The Nevada Defendants also argue that dismissal is warranted pursuant to Rule 12(b)(6).  Because the Complaint will be dismissed pursuant to Rule 12(b)(2), I will not address their remaining arguments.

[3]  Courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint, unless amendment would be futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Because the entirety of Plaintiff's allegations concern Defendants' actions taken outside of Pennsylvania, Plaintiff has not set forth any basis to support personal jurisdiction.  Thus, I conclude that amendment would be futile and will not afford Plaintiff leave to amend.  See Kennedy v. Help at Home, LLC, 731 F. App'x

6

B. **The Universal Health Defendants**

The Universal Health Defendants seek dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6).  They contend that the Complaint is devoid of any factual allegations against either of them.  Plaintiff has not responded.

Upon review of the Complaint, Marc Miller is identified as the president of Universal Health Services, Inc.  Beyond listing Mr. Miller as a named defendant, the Complaint contains no facts or allegations against either Mr. Miller or Universal Health Services, Inc.  Thus, even construing the Complaint in the light most favorable to Plaintiff, he has not stated a claim upon which relief can be granted because he has alleged no injuries or relief sought from the Universal Health Defendants.  Accordingly, his claims against the Universal Health Defendants will be dismissed.

Because Plaintiff is proceeding *pro se*, I must grant him the opportunity to amend his claims unless amendment would be inequitable or futile.  Grayson, 293 F.3d at 114.  It is conceiveable that Plaintiff could amend his complaint against the Universal Health Defendants to clearly detail facts to support his claims and injuries.  Accordingly, Plaintiff will be permitted to file an amended complaint as to against the Universal Health Defendants only.[4]

IV. **CONCLUSION**

For the foregoing reasons, I will grant both the Nevada Defendants' and the Universal Health Defendants' Motions to Dismiss.  An appropriate order follows.

---

105, 108 (3d Cir. 2018) (affirming district court's dismissal of complaint with prejudice where plaintiff failed had not "identified an adequate basis for exercising personal jurisdiction").

[4]    Plaintiff filed his Complaint on the the Eastern District of Pennsylvania's form *pro se* Complaint, revision date November 2, 2020.  Pursuant to the instructions under Section III, Statement of Claim, Plaintiff is advised in his Amended Complaint to "[s]tate how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct."  (Id.)